# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-0174-01-CR-W-DGK |
| | ) | |
| RODNEY J. ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL, OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL

Pending before the Court is Defendant Rodney J. Anderson's ("Anderson") Motion for Judgment of Acquittal or, in the Alternative, a New Trial (Doc. 165) arising from his conviction for conspiracy to commit arson and mail fraud (Count One), arson (Count Two), mail fraud (Count Three), and using fire to commit a federal felony (Count Four). For the following reasons, the motion is DENIED.

**I.  The Court denies Anderson's request for judgment of acquittal.**

Anderson contends the Court should enter a judgment of acquittal because the evidence is insufficient to sustain a conviction as a matter of law. Federal Rule of Criminal Procedure 29(c) provides that a defendant may move for judgment of acquittal within 14 days after the jury has returned its guilty verdict or the court has discharged the jury, whichever is later. The Court finds the motion is timely filed but lacks merit.

In evaluating the sufficiency of the evidence, courts view the evidence in the light most favorable to the conviction, including drawing all reasonable inferences from the evidence in the Government's favor. *United States v. Ihmoud*, 454 F.3d 887, 890 (8th Cir. 2006) (affirming conviction for arson in furtherance of mail fraud). A court "reverses only if the jury must have had a reasonable doubt about an essential element of the crime." *Id.* (internal citation omitted).

Courts possess "very limited latitude" in making this determination, *United States v. Baker*, 367 F.3d 790, 797 (8th Cir. 2004), and are not permitted to assess the witnesses' credibility or to weigh the evidence. *United States v. Pruneda*, 518 F.3d 597, 605 (8th Cir. 2008). If the evidence could support either a finding of guilt or innocence, the court must deny the motion. *Ortega v. United States*, 270 F.3d 540, 544 (8th Cir. 2001). The fact that the evidence is capable of two plausible interpretations does not render the jury's finding of guilt unreasonable. *See United States v. Olbres*, 61 F.3d 967, 970 (1st Cir. 1995).

Anderson argues that all of the verdicts rely on unreasonably attenuated inferences. As a threshold matter, the Eighth Circuit has refused to examine the sufficiency of the evidence under an inference upon inference analysis, noting instead that "the proper inquiry is whether the inference to be drawn turns on a fact regardless of whether such fact has been arrived at by direct or circumstantial evidence." *United States v. Bloom*, 482 F.2d 1162, 1163-64 (8th Cir. 1973). An inference is not "invalid or impermissible because it is based on a fact established in whole or in part by a preceding inference." *United States v. Shahane*, 517 F.2d 1173, 1178 (8th Cir. 1975) (noting several circuits have discarded a rule that an inference cannot be based upon another inference).

That said, the evidence against Anderson consists of more than just inferences from other inferences. The Government presented ample direct testimony implicating Anderson, including video surveillance of an early morning meeting on September 27, 2008 at the Hereford House restaurant between Anderson and Co-Defendant Vincent Pisciotta ("Pisciotta"). This video shows Anderson giving Pisciotta a key to the restaurant; Anderson taking Pisciotta to a rarely used service door which the arsonists subsequently used; and the two spending a large amount of time in the bar area where the arsonists subsequently placed the majority of the gasoline used to feed the fire. The Government also showed that immediately before meeting with Pisciotta,

2

Anderson used a former employee's alarm code to deactivate the alarm system. Finally, the Government presented the jury with direct testimony that Anderson had provided demonstrably false explanations for this early morning meeting and changed his story numerous times. Consequently, there is no merit to Anderson's argument that the jury's verdicts rest on unreasonably attenuated inferences.

Anderson also argues the Government failed to prove certain elements of each count. With respect to Count One, Anderson contends the Government failed to prove he voluntarily and intentionally reached an agreement with co-conspirators to commit arson or mail fraud, and the Government failed to prove he had knowledge that the purpose of any agreement was to commit arson or mail fraud. On Count Two, Defendant asserts the Government failed to show he knowingly acted to purposefully cause the fire. On Count Three, Anderson argues the Government failed to show he knowingly acted for the purpose of causing mail fraud or that he acted with intent to defraud. Finally, with respect to Count Four, Anderson contends the Government did not prove a requisite predicate felony for the jury to find him guilty of using fire to commit a federal felony. Alternately, Anderson suggests that imposing the statutory minimum sentence for using fire to commit a federal felony would result in a grossly disproportionate punishment in violation of the Eighth Amendment and would also be an unconstitutionally cumulative punishment in violation of the Fifth Amendment.

These arguments are without merit. Viewing the evidence in the light most favorable to the verdict, the Court finds the Government presented ample evidence to prove each element of each charge. The Court also finds no merit to Anderson's constitutional challenges to Count Four.

## II. The Court denies Anderson's request for a new trial.

In relevant part, Rule 33(a) permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." The Eighth Circuit has cautioned that in order to grant a new trial, a district court must find that the evidence weighs "so heavily against the verdict that a miscarriage of justice may have occurred." *United States v. McClellon*, 578 F.3d 846, 856-57 (8th Cir. 2009). A district court must exercise its Rule 33 authority "sparingly and with caution." *Id.* at 857.

Anderson raises eight arguments in support of his motion for a new trial: (1) the Court erred in admitting records of phone calls between Anderson and Michael Balano; (2) the Court erred in denying Anderson's motion to sever; (3) the Court erred in denying Anderson's request for a mistrial after the Government improperly commented on Anderson's failure to testify; (4) the Court erred in not admitting Anderson's statement to Scott Woidela; (5) the Court erred in not giving Anderson's requested good-faith defense jury instruction on Count Three; (6) the Court erred in failing to give four other theory-of-defense instructions requested by Anderson; (7) the Court erred in admitting a statement made by Anderson in 2007 in an unrelated incident involving a Hereford House employee in which Anderson said, allegedly in a tongue-in-cheek manner, "let the restaurant burn;" and (8) the Court erred in admitting a statement made by Anderson in his bankruptcy proceeding that "sometimes you do crazy things."

The Court has already considered and rejected these arguments during its pretrial and trial rulings. Some of these arguments have been rejected repeatedly. Rehashing the Court's reasoning yet again would serve no useful purpose. The Court reaffirms its prior rulings and holds that Anderson has failed to establish that a new trial would be in the interest of justice.

The motion is DENIED.

**IT IS SO ORDERED.**

Date: May 14, 2013                               /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT