**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-0174-02-CR-W-DGK |
| | ) | |
| MARK A. SORRENTINO, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR NEW TRIAL BASED ON**
**NEWLY DISCOVERED EVIDENCE**

On October 31, 2012, following a seven day trial, a jury found Defendants Mark

Sorrentino ("Sorrentino") and Vincent F. Pisciotta ("Pisciotta") (collectively "Defendants")

guilty of conspiracy to commit arson and mail fraud, arson, and using fire to commit a federal

felony.

Now before the Court is Sorrentino's Motion for New Trial Based on Newly Discovered

Evidence (Doc. 201) which Pisciotta has joined (Docs. 203, 208). The evidence in question is

phone records showing that on the night of the fire a phone call was made from the Sorrentinos'

home phone to the cell phone of Sorrentino's ex-wife, Jennifer Sorrentino, at 2:14 a.m.

Defendants argue these records tend to prove that Ms. Sorrentino lied when she testified that she

observed Sorrentino come home the night of the fire reeking of gasoline. They assert Ms.

Sorrentino was actually at a casino when she claimed to be at home. Defendants argue these

records are important evidence that Ms. Sorrentino fabricated her testimony because she is

strongly biased against her ex-husband, and that the Court should grant Defendants a new trial.

For the following reasons, Defendants' motion is DENIED.[1]

---

[1] In ruling on the motions, the Court has considered Sorrentino's initial motion and supporting brief (Doc. 201),
Pisciotta's motion to join (Doc. 203), and the Government's response (Doc. 206). Because of the potential

"Motions for new trial based on newly discovered evidence are disfavored." *United States v. Jones*, 34 F.3d 596, 600 (8th Cir. 1994). In order for the court to grant a motion for new trial based on newly discovered evidence, a defendant must prove: (1) the evidence was discovered after trial; (2) the failure to discovery this evidence was not attributable to a lack of diligence on the defendant's part; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is likely to produce an acquittal if a new trial is granted. *United States v. Huggans*, 650 F.3d 1210, 1225 (8th Cir. 2011).

Defendants' motion fails to establish any of these elements, excepting perhaps the fourth element. First, this evidence was not discovered after trial; it was within Defendant's knowledge at the time of the trial. "[E]vidence within the defendant's knowledge at the time of trial which could have been communicated to defense counsel [can] not later be classified as newly discovered evidence." *United States v. Warren*, 140 F.3d 742, 745 (8th Cir. 1998). In support of his motion, Sorrentino has submitted an affidavit claiming that he called Ms. Sorrentino the night of the fire at 2:12 a.m. to ask her where she was and when she was coming home. If true, then Defendant was aware of this information at the time of the trial and could have testified about it, or at least notified his attorney of it. Consequently, it is not newly discovered evidence.

Furthermore, these records could have been discovered prior to trial. Defense counsel needed three days to acquire the cell phone records,[2] and they had at least five days notice. Defense counsel were notified on the afternoon of October 22, 2012, that Ms. Sorrentino would be a witness. On October 23, 2012, the Government divulged to defense counsel that Ms. Sorrentino would, in fact, be a cooperating witness. Late in the afternoon on October 24, 2012,

---

importance of the motion and the upcoming sentencing date, the Court ordered Defendants to file any reply to the Government's response on or before September 4, 2013. Defendants did not file a reply.

[2] In their motion, defense counsel claim it took approximately two weeks. In its response, the Government claims, and Defendants do not deny, that the phone company complied with the subpoena within three days. Accordingly, the Court finds the records could have been acquired within three days.

the Government permitted defense counsel to disclose to their clients that Ms. Sorrentino would be a witness against them. The evidence closed in this case on October 29, 2012. Thus, Defendants had at least five days prior to the close of evidence to acquire these records. This gave Defendants sufficient notice of Ms. Sorrentino's testimony to subpoena her cell phone records.

Third, these phone records are cumulative impeachment evidence. They reinforce Defendants' theory that Ms. Sorrentino was at a casino the night of the arson, a point Defendants cross-examined Ms. Sorrentino on at trial by using her player's card records.

With respect to the fourth element, the Court finds that even though it is cumulative impeachment evidence it is arguably material to Defendants' guilt because it significantly bolsters their theory that Ms. Sorrentino was lying about her whereabouts the night of the arson because she hated her ex-husband.

That said, the fifth element is not satisfied because the phone records would not likely result in an acquittal if the case were retried. Defendants cross-examined Ms. Sorrentino extensively on their theory that she was lying, and the jury apparently found she was credible. The Government also produced a significant amount of other incriminating evidence at trial that was completely unrelated to Ms. Sorrentino, such as the video surveillance and other witness identifications. The Government produced sufficient evidence that a reasonable juror could reject all of Ms. Sorrentino's testimony and still find Defendants guilty beyond a reasonable doubt.

Accordingly, Defendants have not carried their burden, and their motion is DENIED.

**IT IS SO ORDERED.**

Date:   September 9, 2013                    /s/ Greg Kays_____
                                             GREG KAYS, JUDGE
                                             UNITED STATES DISTRICT COURT